# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

January 20, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**BRENDA SHAFFER, WIDOW OF
GARY SHAFFER,
Claimant Below, Petitioner**

**vs.)    No. 14-0072** (BOR Appeal No. 2048516)
                          (Claim No. 840048354)

**WEST VIRGINIA OFFICE OF
INSURANCE COMMISSIONER
Commissioner Below, Respondent**

**and**

**CITY OF ELKINS,
Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Brenda Shaffer, widow of Gary Shaffer, by Robert L. Stultz, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Anna L. Faulkner, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 26, 2013, in which the Board affirmed a June 24, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's March 16, 2012, decision denying Mrs. Shaffer's request for dependent's benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited

circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Shaffer worked as a maintenance worker for the City of Elkins. On April 19, 1984, Mr. Shaffer was exposed to a chlorine gas leak that struck him in the face. Mr. Shaffer was immediately hospitalized. He remained in the intensive care unit for seven days due to respiratory insufficiency and damage to his lungs. Following an additional month of home care, Mr. Shaffer returned to work and continued to work full-time for the next eighteen years. In 2002, Mr. Shaffer's respiratory problems had grown progressively worse and he eventually had to retire. After his retirement, Dominic Gaziano, M.D., evaluated Mr. Shaffer. Dr. Gaziano noted that Mr. Shaffer had smoked a pack of cigarettes every day for almost twenty years prior to his chlorine gas exposure. Dr. Gaziano found that x-rays of Mr. Shaffer's chest showed non-specific interstitial fibrosis in both lung fields, and he diagnosed Mr. Shaffer with interstitial pulmonary fibrosis. Dr. Gaziano also evaluated Mr. Shaffer under the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (5th ed. 2002), and the claims administrator granted Mr. Shaffer a 15% permanent partial disability award based on his evaluation. This decision was remanded to the claims administrator by the Office of Judges, and it granted Mr. Shaffer an additional 25% award based on a second evaluation of Dr. Gaziano in which he utilized the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) in order to determine the extent of Mr. Shaffer's pulmonary impairment. In Dr. Gaziano's second evaluation, he admitted that it was rare for chlorine gas exposure to cause slow, prolonged deterioration of the lungs. Nevertheless, Dr. Gaziano believed that the gas exposure had initiated Mr. Shaffer's pulmonary fibrosis. A CT scan was then taken of Mr. Shaffer's chest which confirmed the diagnosis of interstitial pulmonary fibrosis.

Mr. Shaffer's pulmonary function continued to decline, and on November 13, 2010, he passed away. His death certificate listed pulmonary fibrosis as the cause of death. An autopsy performed the same day by Fulvio R. Franyutti, M.D., confirmed this cause of death. Mrs. Shaffer then applied for dependent's benefits based on her husband's death. Her application was submitted to Mumtaz U. Zamen, M.D., who found that Mr. Shaffer's pulmonary fibrosis was not related to his one-time exposure to chlorine gas. Dr. Zamen also pointed out that Mr. Shaffer had a history of smoking which was a more likely cause of his pulmonary fibrosis. On March 16, 2012, the claims administrator denied Mrs. Shaffer's request for dependent's benefits based on Dr. Zamen's report. Gregory J. Fino, M.D., also performed a records review of Mr. Shaffer's claim. He found that Mr. Shaffer had died from pulmonary fibrosis, but he suggested that it was idiopathic. Dr. Fino did not believe that Mr. Shaffer's exposure to chlorine gas had any effect on his death. On June 24, 2013, the Office of Judges affirmed the claims administrator's decision. The Board of Review affirmed the Order of the Office of Judges on December 26, 2013, leading Mrs. Shaffer to appeal.

The Office of Judges concluded that the decedent's death was not caused by his occupational exposure to chlorine gas. The Office of Judges based this determination on the reports of Dr. Zamen and Dr. Fino. The Office of Judges believed that Dr. Zamen and Dr. Fino had more evidence at their disposal than Dr. Gaziano. The Office of Judges further pointed out that Mr. Shaffer's lung function did not decline until almost twenty years after the date of his

2

exposure to chlorine gas. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

The Board of Review's decision is based on a material misstatement or mischaracterization of the evidentiary record. Mrs. Shaffer is entitled to dependent's benefits based on her husband's death. She has demonstrated that the compensable conditions of the claim contributed in a material degree to her husband's death in accordance with the standard set out in *Bradford v. Workers' Compensation Commissioner*, 185 W. Va. 434, 442, 408 S.E.2d 13, 21 (1991). The evidence in the record shows that Mr. Shaffer suffered an exposure to chlorine gas. The claims administrator held this claim compensable and several years later granted him a significant permanent partial disability award under this claim based on Dr. Gaziano's diagnosis of interstitial pulmonary fibrosis. Regardless of the tenuous medical connection pointed out by Dr. Zamen and Dr. Fino between Mr. Shaffer's chlorine exposure and the development of this condition, the claims administrator decisions granting an award for this condition became final. The claims administrator cannot now deny the causal connection between the compensable injury and pulmonary fibrosis. The entire record, including Dr. Zamen's and Dr. Fino's reports, demonstrates that interstitial pulmonary fibrosis materially contributed to Mr. Shaffer's death.

For the foregoing reasons, we find that the decision of the Board of Review is based on a material misstatement or mischaracterization of particular components of the evidentiary record. Therefore, the decision of the Board of Review is reversed and remanded with instructions to grant Mrs. Shaffer's request for dependent's benefits based on her husband's death.

Reversed and Remanded.

**ISSUED:  January 20, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II